**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS; EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| SAMANTHA TAHSEEN | ) | CASE NO. 20-01797 |
| | ) | |
| DEBTORS | ) | JUDGE: DAVID CLEARY |
| | ) | |

**RESPONSE TO TRUSTEE'S MOTION TO DISMISS AND BAR DEBTOR FROM REFILING**

NOW COMES Samantha Tahseen, the Debtor, by and through her attorney, Richard G. Fonfrias and responds to the Trustee's Motion to Dismiss and bar Debtor and in support thereof avers as follows.

**BACKGROUND**

On January 21, 2019 Mrs. Tahseen filed the instant bankruptcy case under Chapter 13 of the Bankruptcy Code. This is her second case, the previous case having been dismissed on January 13, 2020. Prior to the previous case, the Debtor married her husband, Mohammad Tahseen. In the prior case, number 19-27591, the Debtor sought to repay a debt owed to the tax purchaser of their marital residence. Judge Hunt determined that the Debtor was ineligible to cure the tax claim solely based on her marital interest.

Throughout the majority of the case, Debtor's husband Mohammad Tahseen had a bankruptcy pending, case number 18-3134. However, on December 23, 2020, the docket reflected that an order dismissing the case had been entered. The docket for Mohammad Tahseen's case reflected that the case had been dismissed. See screenshot of the docket attached hereto as exhibit A. After the filing of this case, a corrective entry was placed on Mohammad's docket, correcting the entry of dismissal.

On December 30, 2019, with his case having apparently been dismissed, Mr. Tahseen executed a quit claim deed, giving the Debtor a one half interest in the marital estate. See quitclaim deed attached hereto as Exhibit B.

At the present time, the Debtor has made a payment to the Trustee, making her substantially current as of the filing of this response.

## **ARGUMENT**

The Trustees motion makes 4 allegations.  First, that the Debtor cannot cure the tax purchaser's claim because of the prior ruling that her marital interest was insufficient to make the home property of the estate.  Second that the Chapter 7 Trustee in Mohammad's case administering an estate means the Chapter 13 Trustee cannot administer an estate inclusive of the real estate.  Third, that there is a default in plan payments and finally the plan is unfeasible.

First, while in the prior case, Samantha was relying on her marital interest in the estate, due to the quitclaim deed issued while Mohammad's case was dismissed, Samantha has a regular one half interest in the property.  This is sufficient to make the tax purchaser, the city of Chicago, and even the Chapter 7 Trustee creditors in the instant Chapter 13 case.  Judge Hunt's prior ruling only applies where the same material facts exist.  The quitclaim deed is a material change in circumstances so as to warrant the prior ruling moot.  It should also be pointed out, that no creditor with a secured interest in the marital home has objected to confirmation of the present plan or their treatment under the plan, including the Chapter 7 Trustee.

Second, with Samantha now on title, Mohammad's estate, as controlled by the Chapter 7 Trustee, has a claim against Samantha's estate that can be paid through the instant case.  As such, the case is adminsterable.

Third, at the time this matter is heard next, the Trustee will have one payment, with only one payment due.  With the case filed on January 21, 2020, the second payment is not due until March 21, 2020.  Therefore, the Debtor is substantially current and dismissal is not warranted.

Fourth, the Trustee states that the plan is unfeasible, but fails to describe why.  As the moving party, the Trustee has the burden of proof.  Unfeasible is a conclusion without any direct

allegations. If the unfeasiblity is due to the issues involving the real estate addressed earlier, then the plan is not unfeasible, due to the factors previously outlined.

WHEREFORE, Debtor prays that this Honorable Court deny the motion to dismiss and bar debtor and for any other relief deemed necessary and just.

Respectfully submitted,

By: */s/ Richard G. Fonfrias*
Attorney for Debtor

Richard G. Fonfrias
Fonfrias Law Group, LLC.
125 S. Wacker Drive, Suite 300
Chicago, IL 60606
312-969-0730
F: 312-624-7954